IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Bankruptcy Case No. 01-1230 (MFW) |
| U.S.A. FLORAL PRODUCTS, INC., ) | |
| et al., ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ──────────────── ) | |
| ) | |
| ROBERT F. TROISIO, Plan ) | |
| Administrator pursuant to the Amended ) | Adversary Proceeding No. 03-52514 |
| Joint Plan of Liquidation for the estate ) | |
| of USA FLORAL PRODUCTS, INC. ) | |
| and its affiliate debtors, ) | |
| ) | Civil Action No. 05-00039-KAJ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT POIRIER, VINCENT W. ) | |
| EADES, EDWARD J. MATHIAS, ) | |
| GUSTAVO MORENO, and ) | |
| JONATHAN LEDECKY ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Before me is a motion to withdraw the reference (Docket Item ["D.I."] 1; the "Motion") filed by Robert Poirier, Vincent W. Eades, Edward J. Mathias, Gustavo Moreno and Jonathan Ledecky (collectively, "Defendants"). Defendants' Motion requests that adversary proceeding number 03-52514 be withdrawn from the U.S. Bankruptcy Court for the District of Delaware, pursuant to 28 U.S.C. § 157(d), and further requests a waiver of the requirement that a contemporaneous motion be filed to determine whether the matter is core or non-core, as required under Bankruptcy Courts's Local Rule 5011-1. (D.I. 1 at 1.) Also before me is Defendants' request for

oral argument on the Motion. (D.I. 2.) For the reasons that follow, the Motion will be granted and the request for oral argument will be denied as moot.

On April 1, 2003, Robert F. Troisio, Plan Administrator pursuant to the Amended Joint Plan of Liquidation for the estate of USA Floral Products, Inc. and its affiliate debtors ("Plaintiff") commenced this action by filing a Complaint alleging, *inter alia*, breaches of fiduciary duty by Defendants in their capacity as officers and directors of the debtor (Count I), negligent misrepresentation (Count II), and waste of corporate assets (Count III). (D.I. 3 at 2.) On November 12, 2003, Plaintiff filed an amended complaint, amending counts I-III and adding claims asserting fraudulent conveyances (Counts IV and V.). (*Id.* at 2.) On January 12, 2004, Defendants filed a motion to dismiss count I, II, III and V. (D.I. 1 at 4.) On November 24, 2004, the Bankruptcy Court issued its memorandum opinion in which it granted dismissal of count V only. (*Id.*) On December 13, 2004, Defendants filed their Answer, in which they demanded a jury trial of all issues so triable. (*Id.*) On January 5, 2005, the present Motion (D.I. 1.) was filed.

Plaintiff's sole argument in opposition to the Motion is the timeliness of the filing of the motion. (D.I. 3 at 3.) Plaintiff argues that Defendants failed to file at the "first reasonable opportunity" which arose on or about June 25, 2003, when the initial complaint was served. (*Id.*) Alternatively, Plaintiff argues that the court should limit the withdrawal of the reference to the trial portion only, leaving pre-trial and discovery matters under the administration of the bankruptcy judge. (*Id.* at 5.)

In determining whether to grant or deny a motion to withdraw the reference, "this

Court will consider ... whether withdrawal would serve judicial economy, such as the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *NDEP Corp. V. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D. Del. 1996). The statute permits withdrawal of the reference "on timely motion of a party." 28 U.S.C. § 157(d). "[T]imeliness of the motion for withdrawal of the reference is not defined in the statute and can be judged only in a relative sense." *Lowin v. Dayton Securities Associates (In re the Securities Group 1980)*, 89 B.R. 196, 197 (M.D. Fla. 1988). Therefore, timeliness "must be measured by the stage of the proceedings in the Bankruptcy Court." *Id.* A court is more likely to find the motion untimely as the proceeding becomes "more developed, complicated and involved." *United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992). However, this case is still at a procedurally early stage; no discovery has taken place and no initial trial conference has occurred or is currently scheduled. While Defendants had notice of the ground for the motion as early as June 2003, "it would have been imprudent to file ..." until the Bankruptcy Court denied Defendants' motion to dismiss. *See In re Sevko, Inc.*, 143 B.R. 114, 116 (N.D. Ill. 1992). Thus, given the lack of a specific time limit and the early stage of the proceedings, the motion was filed timely. *See Lars, Inc. v. Taber Partners (In re Lars, Inc.)*, 290 B.R. 467, 470 (D.P.R. 2003).

Although Plaintiff asserts that all pretrial matters in this proceeding should be remanded to the Bankruptcy Court, Plaintiff provides no explanation in support of these contentions. (D.I. 3 at 5.) Further, remanding the matter to the Bankruptcy Court, or

denying the Motion, would not promote uniformity in the bankruptcy administration, reduce forum shopping, foster the economical use of the parties resources, or expedite the bankruptcy process. On the contrary, it appears that considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it will likely be more efficient for this court to manage the case through the pretrial process. *Cf. NDEP*, 203 B.R. at 913 (quoting *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990)) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to withdraw reference (D.I. 1) is GRANTED and the reference of the above Adversary Proceeding Number 03-52514 is WITHDRAWN. IT IS FURTHER ORDERED that Defendants need not file a motion to determine whether matter is core or non-core. Defendants' request for oral argument is DENIED as moot.

July 1, 2005
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE